1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DARRELL A. JONES,** | Case No. 1:15-cv-01012 MJS (HC) |
| Petitioner, | **ORDER GRANTING RESPONDENT'S MOTION TO DISMISS** |
| **v.** | **[Doc. 10]** |
| **JEFF MACCOMBER, Warden** | |
| Respondent. | |

Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent, warden of California State Prison – Sacramento is represented in this action by Kathleen A. McKenna, of the Office of the Attorney General for the State of California.[1] Both parties have consented to Magistrate Judge jurisdiction under 28 U.S.C. § 636(c). (ECF Nos. 7, 12.)

I.      **BACKGROUND**

Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment of the Superior Court of California, County of Fresno.  On June 23, 2011, Petitioner plead to two counts of second degree robbery and three counts of

---

[1] On July 16, 2015, Petitioner filed a motion to correct the spelling of Respondent's name from McComber to MacComber. (ECF No. 8.) The motion is granted.

attempted second degree robbery along with various enhancements. (Lodged Doc. 1.) On July 22, 2011, Petitioner was sentenced to a determinate state prison term of ten years and four months. (Id.)

On October 1, 2012, the California Court of Appeal, Fifth Appellate District, modified the judgment to strike a $50 laboratory analysis fee. As modified, the judgment was affirmed. (Id.) Petitioner did not seek review in the California Supreme Court. Petitioner proceeded to file five collateral appeals to his conviction in state court.   (See Lodged Docs. 2-11.) The petitions were filed as follows:

1.   Fresno County Superior Court
     Filed: January 20, 2012[2];
     Denied: May 1, 2012;

2.   Fresno County Superior Court
     Filed: February 15, 2012[3];
     Denied: May 21, 2012;

3.   Fresno County Superior Court
     Filed: April 15, 2012[4];
     Denied: June 21, 2012;

4.   Fresno County Superior Court
     Filed: February 18, 2014[5];
     Denied: March 16, 2014.

5.   California Supreme Court
     Filed: September 19, 2014[6];
     Denied: November 25, 2014.

---

[2] Under the mailbox rule, the Court deems petitions filed on the date Petitioner handed a petition to prison authorities for mailing. Houston v. Lack, 487 U.S. 266, 276, 108 S.Ct. 2379, 2385, 101 L. Ed. 2d 245 (1988); Hernandez v. Spearman, 2014 U.S. App. LEXIS 16252 (9th Cir. Aug. 22, 2014); see also Rule 3(d) of the Rules Governing Section 2254 Cases. Here, Petitioner signed the petition on January 20, 2012. Accordingly, the Court shall consider the petition filed on that date, rather than January 23, 2012, the date it was received.

[3] Petitioner signed the petition on February 15, 2012. Accordingly, the Court shall consider the petition filed on that date, rather than February 23, 2012, the date it was received.

[4] Petitioner signed the petition on April 15, 2012. Accordingly, the Court shall consider the petition filed on that date, rather than May 23, 2012, the date it was received.

[5] Petitioner did not date this petition, and therefore is not entitled to an earlier filing date.

[6] Petitioner signed the petition on September 19, 2014. Accordingly, the Court shall consider the petition filed on that date, rather than September 22, 2014, the date it was received.

2

1
2
(Lodged Docs. 2-11.)

Petitioner filed the instant federal habeas petition on June 30, 2015.[7] (Pet.) On September 8, 2014, Respondent filed a Motion to Dismiss the petition as being filed outside the one-year limitations period prescribed by 28 U.S.C. § 2244(d). (Mot. to Dismiss, ECF No. 10.) Petitioner did not file an opposition to the motion.

## II. DISCUSSION

### A. Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n. 12 (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's motion to dismiss is based on a violation of the one-year limitations period. 28 U.S.C. § 2244(d)(1). Because Respondent's motion to dismiss is similar in procedural standing to a motion to dismiss for failure to exhaust state remedies or for state procedural default and Respondent has not yet filed a formal

---

[7] Petitioner signed the petition on June 30, 2015. Accordingly, the Court shall consider the petition filed on that date, rather than July 6, 2015, the date it was received.

1    answer, the Court will review Respondent's motion to dismiss pursuant to its authority

2    under Rule 4.

3    **B.      Commencement of Limitations Period Under 28 U.S.C. § 2244(d)(1)(A)**

4    On April 24, 1996, Congress enacted the Antiterrorism and Effective Death

5    Penalty Act of 1996 (hereinafter "AEDPA").  AEDPA imposes various requirements on all

6    petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy,

7    521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th

8    Cir. 1997).

9    In this case, the petition was filed on April 10, 2014, and is subject to the

10    provisions of AEDPA. AEDPA imposes a one-year period of limitation on petitioners

11    seeking to file a federal petition for writ of habeas corpus.  28 U.S.C. § 2244(d)(1).  As

12    amended, § 2244, subdivision (d) reads:

13
14    (1)  A 1-year period of limitation shall apply to an application for a writ of
     habeas corpus by a person in custody pursuant to the judgment of a State
     court.  The limitation period shall run from the latest of –

15
16    (A) the date on which the judgment became final by the conclusion
     of direct review or the expiration of the time for seeking such
     review;

17
18    (B) the date on which the impediment to filing an application
     created by State action in violation of the Constitution or laws of the
     United States is removed, if the applicant was prevented from filing
19    by such State action;

20    (C) the date on which the constitutional right asserted was initially
     recognized by the Supreme Court, if the right has been newly
21    recognized by the Supreme Court and made retroactively
     applicable to cases on collateral review; or

22    (D) the date on which the factual predicate of the claim or claims
     presented could have been discovered through the exercise of due
23    diligence.

24    (2) The time during which a properly filed application for State post-
     conviction or other collateral review with respect to the pertinent judgment
25    or claim is pending shall not be counted toward any period of limitation
     under this subsection.
26
     28 U.S.C. § 2244(d).
27
28    Under § 2244(d)(1)(A), the limitations period begins running on the date that the

4

1  petitioner's direct review became final or the date of the expiration of the time for seeking

2  such review. On October 1, 2012, the California Court of Appeal, Fifth Appellate District,

3  modified the assessment of a fee, but otherwise affirmed the judgment. (Lodged Doc. 1.)

4  Petitioner did not seek review in the California Supreme Court. Accordingly, for purposes

5  of § 2244(d)(1)(A), Petitioner's judgment of conviction became final on November 10,

6  2012, upon expiration of the forty-day period within which to file and serve a petition for

7  review with the California Supreme Court. See Gonzalez v. Thaler, 132 S. Ct. 641, 653-

8  654, 181 L. Ed. 2d 619 (2012); Cal. Rules of Court 8.387(b)(1); 8.500(e)(1). The AEDPA

9  statute of limitations began to run the following day, on November 11, 2012. Patterson v.

10  Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).

11       Petitioner would have one year from November 11, 2012, absent applicable

12  tolling, in which to file his federal petition for writ of habeas corpus.  However, Petitioner

13  delayed in filing the instant petition until June 30, 2015, over a year after the statute of

14  limitations period expired.  Absent the later commencement of the statute of limitations

15  or any applicable tolling, the instant petition is barred as untimely.

16      **C.**    **Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)**

17       28  U.S.C.  §  2244(d)(2)  states  that  the  "time  during  which  a  properly  filed

18  application  for  State  post-conviction  or  other  collateral  review  with  respect  to  the

19  pertinent  judgment  or  claim  is  pending  shall  not  be  counted  toward"  the  one  year

20  limitation period.  28 U.S.C. § 2244(d)(2). In Carey v. Saffold, the Supreme Court held

21  the statute of limitations is tolled where a petitioner is properly pursuing post-conviction

22  relief, and the period is tolled during the intervals between one state court's disposition of

23  a habeas petition and the filing of a habeas petition at the next level of the state court

24  system. 536 U.S. 214, 216 (2002); see also Nino v. Galaza, 183 F.3d 1003, 1006 (9th

25  Cir. 1999). Nevertheless, state petitions will only toll the one-year statute of limitations

26  under § 2244(d)(2) if the state court explicitly states that the post-conviction petition was

27  timely or was filed within a reasonable time under state law. Pace v. DiGuglielmo, 544

28  U.S. 408 (2005); Evans v. Chavis, 546 U.S. 189 (2006). Claims denied as untimely or

1    determined by the federal courts to have been untimely in state court will not satisfy the

2    requirements for statutory tolling. Id.

3          According to the state court records provided by Respondent, Petitioner filed his

4    first through third petitions for writ of habeas corpus prior to the commencement of the

5    limitations period. A collateral action filed prior to the effective date of the statute of

6    limitations has no tolling consequence. Waldrip v. Hall, 548 F.3d 729, 735 (9th Cir. 2008)

7    (Although the filing of a state habeas petition "would otherwise have tolled the running of

8    the federal limitations period, since it was denied before that period had started to run, it

9    had no effect on the timeliness of the ultimate federal filing."). Petitioner is not entitled to

10   tolling of the statute of limitations with respect to his first three petitions.

11         Accordingly, the limitations period commenced on November 11, 2012 and

12   expired one year later on November 10, 2013.

13         The statute of limitations expired over a year before the instant federal petition

14   was filed on June 30, 2015. While Petitioner filed two more post-conviction challenges

15   starting February 18, 2014, petitions filed after the expiration of the statute of limitations

16   period have no tolling effect. Ferguson v. Palmateer, 321 F.3d 820 (9th Cir. 2003)

17   ("section 2244(d) does not permit the reinitiation of the limitations period that has ended

18   before the state petition was filed.").

19         The present petition was filed on June 30, 2015, over a year after the expiration of

20   the year statute of limitations period. The instant federal petition is untimely.

21         **D.      Equitable Tolling**

22         The limitations period is subject to equitable tolling if the petitioner demonstrates:

23   "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary

24   circumstance stood in his way." Holland v. Florida, 130 S. Ct. 2549, 2560-62 (2010);

25   quoting Pace v. DiGuglielmo. Petitioner bears the burden of alleging facts that would

26   give rise to tolling. Pace, 544 U.S. at 418; Hinton v. Pac. Enters., 5 F.3d 391, 395 (9th

27   Cir. 1993). Petitioner has not presented any argument that he is entitled to equitable

28   tolling of the petition.

## IV.   CONCLUSION

As explained above, Petitioner failed to file the instant petition for Habeas Corpus within the one year limitation period required by 28 U.S.C. § 2244(d). Petitioner was given the benefit of statutory tolling but not entitled to equitable tolling. Regardless, the petition remains untimely filed. Based on the foregoing, the Court grants Respondent's motion to dismiss.

## V.   ORDER

Accordingly, IT IS HEREBY ORDERED that:

1.   Respondent's Motion to Dismiss (Doc. 10) is GRANTED;

2.   The Petition for Writ of Habeas Corpus is DISMISSED with prejudice as untimely;

3.   Petitioner's motion amend the name of the Respondent is GRANTED (Doc. 8.); and

4.   The Court DECLINES to issue a Certificate of Appealability.  28 U.S.C. § 2253(c); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (in order to obtain a COA, petitioner must show: (1) that jurists of reason would find it debatable whether the petition stated a valid claim of a denial of a constitutional right; and (2) that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. Slack, 529 U.S. 484. In the present case, jurists of reason would not find debatable whether the petition was properly dismissed with prejudice as time-barred under 28 U.S.C. § 2244(d)(1). Petitioner has not made the required substantial showing of the denial of a constitutional right.

IT IS SO ORDERED.

Dated:   October 16, 2015          /s/ *Michael J. Seng*

UNITED STATES MAGISTRATE JUDGE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28